UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

TIMOTHY M. STRAIN                           No. 10-37-RET-CN

## RULING ON MOTIONS IN LIMINE

This matter is before the Court on several Motions in Limine (Doc. Nos. 33, 34, and 35 ) filed by the United States. The Motions are unopposed.

The present Indictment charges Defendant, Timothy Strain, with two counts of bank fraud in violation of Title 18, United States Code, Section 1344. In the Indictment, the United States alleges that Defendant used fraudulent money orders and checks, purportedly issued by the United States Department of Treasury and the Federal Reserve Bank of Cleveland, to pay off vehicle loans held by Hancock Bank and American General Finance.

The government's first Motion in Limine (Doc. No. 33) seeks a ruling to preclude Defendant from introducing evidence or making statements concerning the beliefs of individuals other than the defendant. The second Motion in Limine (Doc No. 34) seeks a ruling to preclude the parties from introducing evidence and making statements concerning what the law is. The third Motion in Limine (Doc. No. 35) seeks a ruling to permit the government to introduce evidence at trial concerning the Defendant's alleged fraud involving a vehicle loan from the

Doc#1886

Nissan Motor Acceptance Corporation.

Concerning the governments first and second Motions in Limine, the Court does not know the identity of the witnesses Defendant intends to call nor the subject of their testimony. Therefore, the Court feels that a ruling on these issues is premature and will defer, until trial, a decision on their admissibility. Nevertheless, assuming that Defendant does intend to offer testimony on what he and others believe the law to be, the Court will caution Defendant that such opinions are generally inadmissable.[1] The principle that expert testimony on pure issues of law is unhelpful to the finder of fact is universal among the circuits.[2] Expert testimony on the law is particularly disfavored because "[e]ach courtroom comes equipped with a 'legal expert,' called a judge."[3]

The government's third Motion in Limine alleges that Defendant used the

---

[1] See, e.g., **Mendenhall v. Cedarapids, Inc.**, 5 F.3d 1557, 1574 (Fed.Cir.1993); see also **Burkhart v. Washington Metro. Area Transit Auth.**, 112 F.3d 1207, 1213 (D.C.Cir.1997) ("an expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied"); **United States v. Duncan**, 42 F.3d 97, 101 (2d Cir.1994); **Naeem v. McKesson Drug Co.**, 444 F.3d 593, 611-12 (7th Cir.2006).

[2] See, e.g., **Estate of Sowell v. United States**, 198 F.3d 169, 171-72 (5th Cir.1999); **Nieves-Villanueva v. Soto-Rivera**, 133 F.3d 92, 100 (1st Cir.1997); **Peterson v. City of Plymouth**, 60 F.3d 469, 475 (8th Cir.1995); **United States v. Simpson**, 7 F.3d 186, 188 (10th Cir.1993); **Aguilar v. Int'l Longshoremen's Union Local No. 10**, 966 F.2d 443, 447 (9th Cir.1992); **Marx & Co. v. Diners' Club, Inc.**, 550 F.2d 505, 509-10 (3d Cir.1991); **Montgomery v. Aetna Cas. & Sur. Co.**, 898 F.2d 1537, 1541 (11th Cir.1990); **United States v. Curtis**, 782 F.2d 593, 599 (6th Cir.1986); **Adalman v. Baker, Watts & Co.**, 807 F.2d 359, 365-68 (4th Cir.1986).

[3] **Burkhart**, 112 F.3d at 1213.

same type of fraudulent monetary instruments to pay off a vehicle loan held by Nissan Motor Acceptance Corporation. The government offers no proof to support this allegation. The Court will therefore defer, until trial, a decision on the admissibility of the aforementioned act.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that a ruling on the United States' Motions in Limine (Doc. Nos. 33, 34, and 35) is DEFERRED until trial.

Baton Rouge, Louisiana, this 13th day of October, 2010.

*[signature]*

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA