UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                             CRIMINAL ACTION

TIMOTHY M. STRAIN                                  NUMBER 10-37-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 11, 2013.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

TIMOTHY M. STRAIN                                   NUMBER 10-37-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Timothy M. Strain. Record document number 127.

For the reasons which follow, the petitioner's § 2255 motion should be denied.

### I. Procedural History

On October 19, 2010, the petitioner was found guilty on two counts bank fraud in violation of 18 U.S.C. § 1344. On January 11, 2012, the petitioner was sentenced to imprisonment for a term of 90 months on counts one and two, to be served concurrently. Petitioner did not appeal his conviction or sentence.

Petitioner signed his § 2255 motion on December 17, 2012, and it was filed on January 3, 2013. Petitioner asserted the following grounds for relief:

> (1)   he was subjected to an unconstitutional search, seizure and arrest in violation of his Fourth Amendment;

(2) prosecutors introduced perjured testimony in violation of his Fifth Amendment rights;

(3, 4) the prosecutor engaged in misconduct when he improperly intertwined uncharged behavior with the charged offense to improperly influence the presiding judge and to taint the jury and obtain a conviction;

(5) the presiding judges were biased and prohibited him from making a full statement on the record and introducing mitigating evidence before sentencing;[1]

(6) his right to equal protection was violated when he was prosecuted based on unlawfully seized evidence, the false testimony was introduced and exculpatory evidence was withheld;

(7) the prosecutor suppressed evidence;

(8) his Sixth Amendment rights were violated when he was not permitted to cross-examine a probation officer regarding allegedly false information in the Presentence Investigation Report prior to sentencing; and,

(9) his Eighth Amendment rights were violated when he was convicted based on false testimony stemming from a bad faith prosecution.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## II. Applicable Law and Analysis

**A. Grounds for § 2255 Motion**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United

---

[1] The judge who sentenced the petitioner was not the same judge who presided at the trial.

2

States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### B. Procedural Default

Generally, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *United States v. Frady*, 456 U.S. 152, 167-168, 102 S.Ct. 1584 (1982); *Bousley v. United States*, 523 U.S. 614, 621-622, 118 S.Ct. 1604 (1998).

A § 2255 motion is not a substitute for a direct appeal. A prisoner may not raise a claim for the first time on a collateral attack unless he shows cause for his procedural default and actual prejudice resulting from the error. *United States v. McGrew*, 397 Fed. Appx. 87, 91 (5th Cir. 2010). The § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F2d 1297, 1301 (5th Cir. 1992).

Petitioner did not argue that he has overcome the procedural bar by demonstrating the necessary cause and prejudice[2] or a

---

[2] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that
(continued...)

3

fundamental miscarriage of justice.[3]  Consequently, the petitioner's claims are procedurally barred.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

Baton Rouge, Louisiana, January 11, 2013.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense.  *Id*.
   In addition to establishing cause for his procedural default, the petitioner must also show actual prejudice to overcome it.  *United States v. Bowes*, 139 F.3d 900 (5th Cir. 1998).

[3] To establish a fundamental miscarriage of justice, the petitioner must demonstrate his actual innocence.  *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

4