UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY M. STRAIN | CRIMINAL ACTION |
| VERSUS | |
| UNITED STATES OF AMERICA | NO.: 10-00037-BAJ-SCR |

### RULING AND ORDER

Before the Court is *pro se* Movant Timothy M. Strain's **Motion for Reconsideration (Doc. 143)** filed pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(3), as well as two **Motions to Expedite Judicial Relief (Docs. 144, 145)** seeking expedited judgment by this Court regarding his Motion for Reconsideration. Upon the Court's Order (Doc. 146), the United States filed a Response to Defendant's Motion for Reconsideration (Doc. 147). For reasons explained herein, Strain's Motion for Reconsideration is **DENIED IN PART** and **DISMISSED IN PART**, rendering moot Strain's Motions to Expedite Judicial Relief.

I. BACKGROUND

Strain is currently an inmate in the Federal Correctional Complex of Yazoo City, Mississippi. On October 19, 2010, Strain was convicted in this Court of two counts of bank fraud in violation of 18 U.S.C. § 1344. (Doc. 44). On January 11, 2012, the Court sentenced Strain to imprisonment of ninety months as to both

Constance Louise Strain

1

counts, to run concurrently, and judgment was entered on January 25, 2012. (Docs. 88, 91). Strain did not pursue a direct appeal of the final judgment in his case.

On January 3, 2013, Strain filed a motion under 28 U.S.C. § 2255 (Doc. 127) to vacate the sentence imposed by this Court. On January 11, 2013, the Magistrate Judge issued a Report and Recommendation (Doc. 129), recommending denial of Strain's motion to vacate because Strain did not present the requisite showing of cause and prejudice to overcome the procedural bar resulting from Strain raising issues on collateral attack which were not raised through direct appeal. The Report instructed Strain that he had fourteen days after service of the Report to file written objections. (Doc. 129 at p. 1). Strain did not file an objection to the Magistrate Judge's Report until August 27, 2013, more than seven months after the issuance of the Report. On October 25, 2013, the Court adopted the Magistrate Judge's Report and denied Strain's § 2255 motion to vacate. (*See* Doc. 137).

In the instant Motion, filed on June 25, 2014, Strain seeks the Court's reconsideration of its denial of his motion to vacate. Strain asserts that he was unjustly deprived of procedural due process by not being provided notice or fair opportunity to timely file objections to the Magistrate Judge's Report or to timely file a direct appeal of his conviction. (Doc. 143 at p. 1). Further, Strain argues that reconsideration is warranted because his grand jury indictment and jury trial conviction were obtained through misconduct by law enforcement officials and prosecutors. (*Id.*). Finally, Strain asserts that he was prevented "from fully and

2

fairly presenting his defense because of being wholly deprived access to the Court" between March 11, 2010 through the end of February, 2012. (*Id.* at p. 2).

## II. LEGAL STANDARD

While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, 98 F.3d 1337, 1337 (5th Cir. 1996). "If a motion for reconsideration is filed within twenty-eight days of the entry of the order or judgment being challenged, it will be treated as a 59(e) motion; if it is filed after twenty-eight days, it will be treated as a 60(b) motion." *Turner v. Chase*, No. 08-4951, 2010 WL 2545277, at *2 (E.D. La. June 16, 2010) (internal quotation marks and edits omitted).

Rule 60(b) provides that a district court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds. Fed. R. Civ. P. 60(b). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

Specifically concerning Rule 60(b)(3), under which Strain's instant motion is filed, grounds for relief are found in reasons of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "A rule 60(b)(3) assertion must be proved by clear and convincing

3

evidence, and the conduct complained of must be such as to prevent the losing party from fully and fairly presenting its case. The purpose of the rule is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995) (quotation marks and citations omitted). A party asserting a Rule 60(b)(3) motion "must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641.

### III. DISCUSSION

As a preliminary matter, the Court must establish that Rule 60(b) "does not provide for relief from a judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). "[A] Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Rule 60(b) may not be used as a vehicle to circumvent restraints on filing successive 28 U.S.C. § 2255 motions. *See United States v. Rich*, 141 F.3d 550, 553 (5th Cir.1998).

The Court must therefore determine which of Strain's Rule 60(b) motions are, in fact, successive § 2255 motions in disguise. *See United States v. Hernandes*, 708 F.3d 680, 681–82 (5th Cir. 2013). The Court finds that Strain's claim of deprivation of the opportunity to timely respond to the Magistrate Judge's Report is an assertion of a defect in the integrity of his habeas proceedings under Rule 60(b),

4

while the remainder of Strain's claims go toward the substance of the Court's resolution and constitute successive § 2255 motions. The Court thus evaluates the Rule 60(b) and § 2255 motions separately.

    *A.    Notice of the Magistrate Judge's Report Under Rule 60(b)(3)*

The Magistrate Judge's Report, the adoption of which is the subject of Strain's instant Motion for Reconsideration, was filed on January 11, 2013. (Doc. 129). The Report stated that Strain would have fourteen days from service of the Report to respond with any objections to the proposed findings of fact, conclusions of law, and recommendations, and it emphasized that no extensions of time would be granted. (*Id.* at p. 1). Strain did not file his response until August 27, 2013, more than seven months after the issuance of the Report. (*See* Doc. 136). In the Court's adoption of the Magistrate Judge's Report, the Court noted that it did not consider Strain's objection timely filed. (Doc. 137 at p. 1).

As a basis for the instant Motion for Reconsideration, Strain contends that he did not receive timely notice of the Report due to "gross negligence by Government Officials," thus depriving him of his opportunity to timely file his objection in support of his case. (Doc. 143 at p. 5). Strain has not, however, proved such misconduct by clear and convincing evidence. Strain's bare assertions do not adequately rebut the presumption that he received timely notice of this particular filing in the same way that he is expected to receive timely notice of all other filings in his case.[1] Furthermore, Strain made several filings in this case in the months

---

[1] The Court recognizes that it is difficult to prove a negative. However, Strain has not provided any corroborating evidence, for example an affidavit from a prison official stating that his notice was

5

after the Report's issuance but before he responded with his objection, including a filing that directly responded to new filings made by the United States during that period. (*See* Docs. 130, 131, 132, 134, 135). The record indicates that Strain was consistently apprised of docket activity concerning his case. On the issue of Strain's timely notice of the issuance of the Report, Strain has not satisfied the standard of clear and convincing evidence required to prevail on a Rule 60(b)(3) motion, and his motion is **DENIED**.

    B.    *Remaining Claims Under § 2255*

In the instant Motion, Strain presents several additional arguments: First, Strain asserts that he was deprived of the opportunity to file a timely direct appeal due to a lack of knowledge and access to legal resources.[2] Second, Strain argues that his grand jury indictment and jury trial conviction were obtained through misconduct by law enforcement officials and prosecutors.[3] Finally, Strain claims he was prevented "from fully and fairly presenting his defense because of being wholly deprived access to the Court" between March 11, 2010 through the end of February

---

delayed. Strain has not alleged the identities of the "Government Officials" who allegedly committed gross negligence, nor has he provided any detail as to what actions constituted such gross negligence.

[2] Strain appears to assert two reasons for his inability to file timely direct appeal: (1) a "clerical error by the typing assistance of Movant's wife, which was a direct result of Movant's deprivation of not having personal access to legal materials/resources, including inadequate counsel and assistance from the Court's appointed standby attorney," (Doc. 143 at p. 3), and (2) the "gross negligence of Government Officials" such that Strain was "NOT SERVED WITH, NOR otherwise provided 'NOTICE' and 'FAIR OPPORTUNITY' to file a timely Appeal," (Doc. 143 at p. 5). Without ruling on the merits of this particular claim today, the Court nonetheless observes that the record reflects that Strain was indeed advised of his appeal rights, including the right to counsel, at sentencing, (Doc. 88), and such a notation in the record is regarded as presumptively accurate.

[33] These claims rehash those contained in Strain's § 2255 motion to vacate. (*See* Doc. 127 at pp. 4–8).

2012 (roughly the dates between Strain's initial appearance and the entry of judgment).

All such claims go to the merits of Strain's habeas petition, and thus are considered successive petitions to the § 2255 petition already filed and ruled upon. A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining authorization by the Court of Appeals. *See* 28 U.S.C. § 2255(h).[4] Strain has not complied with this requirement. Therefore these claims are construed as claims under an unauthorized habeas petition, and this Court is prohibited from considering them. *See Hernandes*, 708 F.3d at 681; *Rich*, 141 F.3d at 554. Such claims must be **DISMISSED** for lack of jurisdiction.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Movant Timothy M. Strain's **Motion for Reconsideration (Doc. 143)** is **DENIED IN PART** and **DISMISSED IN PART**, consistent with the rulings herein. Specifically, Strain's claim of deprivation of due process, based on allegedly not being provided timely notice of the Magistrate Judge's Report, is **DENIED**. Strain's claims of deprivation of fair opportunity to timely file a direct appeal, government misconduct during the pendency of his case, and deprivation of access to the Court between March 2010 and February 2012 are

---

[4] Under 28 U.S.C. § 2255(h), a second or successive motion must be certified by the Court of Appeals to contain:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

7

construed as successive § 2255 motions and are **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED** that Strain's **Motion to Expedite Judicial Relief (Doc. 144)** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Strain's Second **Motion to Expedite Judicial Relief (Doc. 145)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 13th day of January, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**