UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY M. STRAIN                      CRIMINAL ACTION

VERSUS

UNITED STATES                           NO.: 10-00037-BAJ-EWD

## RULING AND ORDER

Before the Court are the **Writ of Variance, Error, and Conflict (Doc. 151)** and **Writ Requesting Expedited Relief Pursuant to Complainant's Writ of Variance, Error, and Conflict (Doc. 154)** filed by Petitioner Timothy M. Strain. For the reasons that follow, these motions are **DISMISSED**.

### I. BACKGROUND

On October 19, 2010, Petitioner was found guilty on two counts of bank fraud in violation of 18 U.S.C. § 1344. (Doc. 129 at p. 1). On January 11, 2012, Petitioner was sentenced to imprisonment for a term of 90 months on Counts One and Two, to be served concurrently. (*Id.*). Petitioner did not appeal his conviction or sentence. (*Id.*). On October 25, 2013, this Court dismissed Petitioner's 28 U.S.C. § 2255 habeas petition. (Doc. 137).

Since that time, Petitioner has filed numerous affidavits, notices, and exhibits (Docs. 151–59), which assert a panoply of unintelligible, "sovereign citizen" arguments. *See United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax

protesters who often take the position that they are not subject to state or federal statutes and proceedings.").

## II. DISCUSSION

The Court construes Defendant's filings as second or successive habeas petitions under § 2255(h). *See Castro v. United States*, 540 U.S. 375, 381 (2003) (holding that district courts have the authority to recharacterize a pro se litigant's filings). "If a second or successive [§] 2255 motion is filed in the district court before leave of [the United States Court of Appeals for the Fifth Circuit] has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion." *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (unpublished) (per curiam). The Court will exercise its discretion to dismiss the motions because such "sovereign citizen" arguments have "no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *accord West v. Bornuda*, 698 F. App'x 224, 224–25 (5th Cir. 2017) (unpublished) (per curiam).

III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Writ of Variance, Error, and Conflict (Doc. 151) is **DIMISSED**.

**IT IS FURTHER ORDERED** that Defendant's Writ Requesting Expedited Relief Pursuant to Complainant's Writ of Variance, Error, and Conflict (Doc. 154) is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 20th day of November, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**